United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 14, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 25-31753 |
| AISHA T. WALDRUP, | § | |
| | § | CHAPTER 13 |
| Debtor. | § | |
| | § | |
| AISHA WALDRUP & HOUSEHOLD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 25-3324 |
| | § | |
| FREEDOM MORTGAGE | § | |
| CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

On October 10, 2025, this Court issued its Memorandum Opinion in Adversary Proceedings 34-3281, 24-3282 and 25-3323. The Court adopts and incorporates that Memorandum Opinion in this adversary proceeding.

This proceeding was removed to the United States District Court on March 25, 2025. The subject matter is substantially identical to the subject matter in the October 10, 2025 Memorandum Opinion. The removed case was originally Case No. 2025-20005 in the 113th Judicial District Court of Harris County, Texas.

The removed state court lawsuit requests a declaration that certain liens on the property should be avoided; that the defendants should be required to produce documents demonstrating the validity of the liens; that an injunction should be issued against the defendants; and, that this Court has no jurisdiction to consider the removed lawsuit.

The underlying lawsuit is based on an allegation that Waldrup rescinded her loan transaction.

As set forth in the October 10, 2025 Memorandum Opinion, the Court had jurisdiction on removal and continues to have jurisdiction today. As further set forth on page 9 of that Memorandum Opinion, the loan has not—and cannot be—rescinded:

Waldrup seeks to "rescind" the loan documents on the theory that the loan was fraudulent and void. Waldrup alleges that the Harris County District Court entered an Order of Mortgage Rescission. The Order granted Waldrup a TRO enjoining the Defendants from foreclosing on the Property and made a finding, among others, that the Defendants failed "to give written notice of rescission rights" under 12 CFR § 1026.23. Adv. Pro. No. 24-03281, ECF No. 1-1 at 46. An ex parte temporary restraining order has no res judicata effect. *See Engelman Irrigation Dist. v. Shields Brothers, Inc.*, 514 S.W.3d 746, 749 (Tex. 2017) ("[A]n element of res judicata is "a prior final judgment on the merits by a court of competent jurisdiction." (citation omitted)). Moreover, the Harris County case was removed to this Court. This Court now has plenary jurisdiction.

Further, Waldrup's rescission theory does not afford her the outcome that she desires. Rescission requires the return of the benefits received. *See Neese v. Lyon*, 479 S.W.3d 368, 389 (Tex. Civ. App.—Dallas 2015) ("For rescission, the claimant generally must return the *defendant* to the status quo ante."). Therefore, a borrower who receives loan proceeds cannot retain the funds and simultaneously seek to void the lien securing repayment. Additionally, the recission rights that she seeks cannot be obtained with respect to a mortgage on a principal residence on statutory grounds. *See* 15 U.S.C. § 1635(e)(1) (exempting "residential mortgage transaction" from the right to rescind). Recission is not an available statutory remedy to Waldrup. Texas law does provide the equitable remedy of rescission in cases of fraud if there is an ability to return the parties to their former positions. *See Isaacs v. Bishop*, 249 S.W.3d 100, 109 (Tex. Civ. App.—Texarkana 2008). But Waldrup failed to plead fraud with particularity and refuses to return the loan proceeds.

By separate order, Waldrup's complaint will be dismissed with prejudice against refiling.

SIGNED 10/14/2025

_____
Marvin Isgur
United States Bankruptcy Judge